Good morning. May it please the Court, my name is Stuart Flinsky. I represent the petitioners, the Sandoval family. In listening to the prior argument, where there was much discussion of the record, the problem that exists in the Sandoval case is that the record has been compromised by the actions of immigration judge Bronzina from day one. Literally the second question on the merits, the judge interposed her own objection saying the question was somewhat leading. The problem was it wasn't a leading question at all. What happened September 1982? It limits the question, but that's not leading. And then later, what happened with the gorillas? You know, the objection from the judge, again, you're leading, who made any mention of the gorillas? Although in his first question or first answer, Mr. Sandoval had mentioned the revolutionary forces. And again, the judge is going, you're leading, you're leading, you're leading, and you're undermining his credibility. And again, that is not a leading question. And it continues on like this. And then finally, the immigration judge goes to the government's lawyer, Mr. Gallagher, you should start objecting. And Mr. Gallagher starts to answer and gets cuts off with the judge with a very smug comment. Yeah, I'm good. What is your response to the government's assertion that these due process claims aren't exhausted because you did not raise them before the BIA? So we cannot review them. First of all, in Socop Gonzales, where this Court said it doesn't have to be artfully explained, the attorney on the appeal below did raise issues of the state of the evidence. And the due process claim is an expansion of that. Also. And I believe I stated that in the response brief. I think it's page four of the reply. And you were saying and also something. Yes. And also, although this wasn't stated in the brief in review of the BIA's decision, they added decision saying based upon the record. And again, we have a record here that is compromised. So if the board is that really means if you depend on that, you can raise anything you want to without having erased it before the BIA, because everything is based on the record. Right. I mean, that just does away with the exhaustion requirement. I would say it does away with the exhaustion requirement. I think if you put in an appeal saying they're wrong. Right. And and you can tell tell that by looking at the record. Oh, if you didn't say if you just put in the notice of appeal saying they're wrong, please reverse. Right. No, you didn't raise it. And this case, the case law that I read on the exhaustion of administrative remedies has more to do with if you bring up some type of new relief. Again, the arguments raised below went to the status of the record. And if it isn't in the record or you try and bring up issues that weren't in the record at all, and the board in its decision stated the state of the record. Right here, the board didn't have a good record, although Ms. Coleman tried to correct it. You know, because, again, you know, that photograph to give evidence of, you know, that, yes, you know, the father was in fact shot. And Mr. Gallagher says, well, I'm not so sure that's relevant. And the judge interposes her own objection. No, you have to have the photographer here to authenticate the photograph. In fact, turn the photograph over. I don't even want to see it. What we have here is just a very incomplete record. And due process requires that the BIA have a complete record and this Court have a complete record. And, therefore, the remedy we're asking is, you know, remand so if there are problems with the record, they can be corrected and developed. Well, what did you attempt to show that whatever happened was on a protected ground? I'm sorry, Your Honor. I'm a little bit hard of hearing in the right ear. I'm sorry. What did you offer to show that what you contend is persecution was on a protected ground? Mr. Sandoval testified that his father-in-law had told him they were trying to recruit you into the guerrillas. And he said, no, he didn't want to. And, you know, that was his intention, not to be in that. Well, isn't our law, don't we have a lot of cases that recruitment into the guerrillas is not wanting to be recruited? It's not sufficient to show that it's on a protected ground? Well, we go back to Bolanos-Hernandez. I'm sorry. Go ahead. Okay. I didn't mean to interrupt. My apologies. Going way back to Bolanos-Hernandez, which I can't believe is now 20 years old, neutrality, I don't want to be on either side, can be enough. Record show as to that. But, again, we come back to. What did he try to show that he was not able to show then? I really don't know. I was retained on this record, which we have here. So I am approaching it from the same place you are. So I didn't try the case. So I really can't say. I'd like to reserve the remainder of my time. Thank you. Good morning. May it please the Court. My name is Thankful Vanderstar, and I represent the Attorney General of the United States. Your Honor, the government asked this Court to deny the petition for review, affirming the decision of the Board of Immigration Appeals, denying the petitioner's application for asylum. In addition, the government asked this Court to affirm the denial of voluntary departure to the male petitioner and to deny an extension of voluntary departure for the remainder of the family. I would like to pick up on the due process issue that Your Honors were discussing with my opposing counsel. In fact, the petitioner has failed to exhaust his administrative remedies with respect to that argument, and therefore this Court lacks jurisdiction to review it. As Your Honor, Judge Tshishima pointed out, although petitioner claims that he raised it in his brief to the Board, a review of that brief shows that the only issue raised with respect to the evidence in the record was the issue regarding the photographs. There was no mention of the immigration judge's questioning or objecting to questions or any other of the immigration judge's conduct during the hearing. The Board is not expected to find all of the issues that a petitioner should have raised. That's why we have the exhaustion argument. That's why we have the exhaustion requirement, excuse me. In any event, even if this Court were to review that issue, there was no due process violation here. An immigration judge is supposed to control the conduct of the hearing, the course of the hearing. And, in fact, I would submit that what the immigration judge was doing was trying to ensure that petitioner's counsel did not damage petitioner's credibility by asking improper questions and by putting words into his mouth, such as the word gorillas, before he ever used the word gorillas. Petitioner has not stated to this Court what evidence, if any, he would have presented, but for the immigration judge's alleged bad conduct during the hearing. So the petitioner's due process claim, first of all, this Court lacks jurisdiction to review it, but even if this Court were to review it, it must fail on the merits. Regarding the issue of asylum, we have an adverse credibility finding here. The male and female petitioner gave differing testimony regarding the date of the event, the precipitating event for their concern and their decision to leave Guatemala, the alleged shooting of the wife's father. We also have some conflicting testimony by the female respondent regarding, first she said it was too dark to see anything, then she said she saw that they were wearing uniforms. And when she was questioned about that, she said, oh, no, I was talking about another incident. So we do have an adverse credibility finding, and it is the government's position that the record does not compel a different conclusion from that. However, if this Court were to determine that that adverse credibility finding is not supported by substantial evidence, then we move on to the issue of whether or not the petitioners suffered past persecution on a kind of a protected ground, or whether they have a well-founded fear of future persecution. And first I'd like to state that the petitioner has waived any argument with respect to those two issues by failing to raise those issues in his brief to this Court. The petitioner only challenges the adverse credibility finding and then only raises this due process claim. Therefore, this Court should not review those findings. But if the Court were to review those findings, there is no indication that what occurred in Guatemala, if it indeed occurred, was on account of one of the five statutorily protected grounds. Even if we take the... Does that take care of all of the petitioners, the whole family? Yes. Yes, Your Honor. Even if we take... If the finding of the BIA that the Respondent failed to demonstrate, failed to meet his burden to establish that the guerrillas harmed his father-in-law on account of a protected ground, then that's sufficient to support, if that is supported, it supports the decision with respect to the whole family? Yes, because the wife and children's asylum applications were derivative of the male Respondent. And even if we take as true that the guerrillas said something to the father about wanting to recruit Mr. Sandoval, as Your Honor pointed out, recruitment by guerrillas is not a form of persecution. Yet the testimony is unclear about that. And, in fact, it appears from the record and substantial evidence supports this finding that really the guerrillas were interested in obtaining supplies from the father-in-law. Finally, there was nothing directed directly at the male and female petitioner here. It was the father-in-law who was shot, allegedly. The home that was burglarized. But there was no harm came to either of the male or female petitioner in this case. So the government would ask this court to affirm the denial of asylum. I'd like to turn to the issue of voluntary departure with my remaining time. The male petitioner asked this court to review the denial of voluntary departure and is the government's position that this court lacks jurisdiction under the statute to review that finding. The statute clearly provides that no court shall have jurisdiction to review a denial of voluntary departure. But wasn't he granted voluntary departure and then it was revoked? Actually, Your Honor, the male petitioner was denied voluntary departure by the immigration judge, but the female and the two children were granted voluntary departure, yes. Well, why shouldn't they be reinstated? Well, Your Honor, this issue of reinstating voluntary departure and staying voluntary departure, as this Court is well aware, is a very hot issue before this Court. The most recent case, one of the most recent cases being Desta v. INS, in which the Court held that a timely motion for a stay of removal will count as a timely motion for a stay of the period of voluntary departure. However, we have a unique situation here, and that is that the petitioners filed their motion for a stay of removal after the expiration of the voluntary departure period. They filed their petition for review and stay motion on the Monday following the 30th day, which under the Court's rules, they're entitled to do that because the Court is closed on Sunday, so they can't file their petition for review on Sunday. However, there is no such bar to voluntarily departing by the deadline of Sunday. And Desta made it very clear, the Court in Desta made it very clear that what the Court was not doing was it was not granting additional time. It was only preserving the remaining days that were left on the voluntary departure period. Here, there was no time. Stay, not a reinstatement, is that? Exactly. Or not an extension, not adding more time. And here, this would be adding more time. The voluntary departure period ended on Sunday. They did not move until Monday. So the government would ask that the Court affirm the denial of Mr. Sandoval's application for voluntary departure, or excuse me, not review that because there's no jurisdiction to review that, and to deny the remaining petitioner's motion for an extension of the voluntary departure period. If there are no further questions. There would be any. Thank you. Thank you, Your Honors. You wish to add anything? I will admit to being a little bit surprised about the argument about Sunday and Monday, but I do believe in the regulations. I believe it's 8 CFR 1.1. It does say if there's a time for taking an action, it is extended to the next business day. As to the argument that, you know, we have not given the Court what evidence we would put in, I would just like to point out I believe in Colmenar and Cano Merida saying we can't create a record that doesn't exist. And there's almost a presumption of prejudice if you can't get it out. And we submit that's exactly what the immigration judge was doing. Thank you, Your Honors. Thank you, Counsel. The case just argued is submitted. We'll hear the next case. Gomez. No.
judges: Schroeder, Goodwin, Tashima